# Marsh *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence —· Railroads — Crossing — Standing car obstructing crossing—Pedestrian—Walking around end of car — Darkness — Pile of earth—Fall—Death—Case for jury.*

In an action against a railroad company to recover damages for the death of plaintiff's husband, the questions of defendant's negligence and the contributory negligence· of the plaintiff were for the jury and a verdict and judgment for the plaintiff will be sustained where it appeared that it was necessary for deceased, in order to reach his work, to cross defendant's road at a point where there were five parallel tracks; that a plank walk had been placed over such tracks occupying the space between the tracks; that three or four days before the accident defendant placed between the third and fourth tracks a pile of earth extending from one end of the plank crossing; that during the night preceding the morning of the accident the defendant shifted a car so that it covered the entire walk; that about 6 a. m. on a winter morning deceased attempted to reach the other side by passing around the end of the car, but in so doing fell on the pile of earth and sustained the injuries from which his death resulted; and there was evidence that at the time of his fall two large electric lights were burning at the crossing, but that the earth pile was obscured from view by the shadow caused by the end of the car.

Argued Feb. 11, 1918. Appeal, No. 380, Jan. T., 1917, by defendant, from judgment of C. P. Chester Co., Aug. T., 1917, No. 57, on verdict for plaintiff in case of Bessie E. Marsh v. Philadelphia & Reading Railway Company.

Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.    Affirmed.

Trespass to recover damages for the death of plaintiff's husband.

The facts appear from the following opinion by HAUSE, J.:

Plaintiff recovered a judgment for $3,816 for the death of her husband caused by defendant's negligence. The testimony, upon which the jury based the verdict was this:

Defendant operates its line through East Fallowfield Township, Chester County, and it crosses a public highway, in that township, at right angles. At the point of crossing are at least five parallel lines of tracks. On the south side of the highway and immediately adjoining the portion thereof traveled by vehicles, the Midvale Steel Company, some two weeks before the accident, constructed a plank walk over the defendant's tracks, covering the spaces between the rails, for the accommodation of its workmen in passing back and forth. Plaintiff's husband was injured at this crossing on the morning of February 17, 1917, about six o'clock, and died therefrom a day later.

Some three or four days prior to the day of the accident, defendant placed between the west rail of the third line of tracks and the east rail of the fourth line of tracks a pile of earth which extended from the north edge of the plank walk, in a northerly direction, a distance of five feet. The pile was four feet wide and fourteen inches high and occupied substantially the entire space between the two lines of tracks. Sometime during the night preceding the morning of the accident, defendant shifted a car to the third line of tracks from the east extending, with its north end, entirely over the plank walk and three feet beyond it. Thus standing, the car paralleled three feet of the pile of earth, leaving two feet of the pile to the north of the north end of the car.

At the crossing were two large electric lights and the pile of earth was seen, with the aid of these lights, by defendant's watchman stationed in an elevated watch box some seventy feet away to the west. Approaching the standing car from the east on the plank walk, the car and the body of the person walking, according to the testimony of the watchman, cast a shadow over the obstruction and this shadow interfered, in a measure, with a view of it by a person rounding the north end of the car. The entire width of the roadway, immediately north of the plank walk, was comparatively level across all of the tracks of the defendant company and was suitable for travelers on foot.

Plaintiff's husband left his home, on the morning named, about six or shortly before. Day was just breaking when he reached the crossing and the electric lights were burning. When he reached the standing car, traveling on the plank walk, and finding the walk covered, he attempted to reach the other side of the car by passing around its north end. In so attempting, he fell over the pile of earth and sustained internal injuries, from which he died.

Defendant contends that plaintiff's husband was guilty of contributory negligence in that the obstruction in his line of travel around the north end of the standing car was plainly visible, and, had he exercised due care, his fall could not have occurred and that we should have so declared, as matter of law, at the conclusion of the testimony. Unless we were justified in thus disposing of the cause, we cannot now sustain the motion for judgment. If the testimony fairly sustains the action of the jury, we are not permitted to disregard its findings merely because we may be otherwise impressed as to the facts.

The situation confronting the deceased on the morning of the accident was unexpected. A car stood across his usual path as he proceeded to his work. No danger was ordinarily to be apprehended, in his line of travel on the public road, when he rounded the north end of the car

in order to again reach the plank walk.    With the electric lights burning, the pile of earth between the tracks on the far side of the car was visible from the west.  Approaching from the direction in which he was walking, the obstruction lay in the shadow of the standing car and he may have reached it so suddenly and unexpectedly as to have been unable to avoid it.    Then, too, his attention may have been attracted by the presence of the car and he may not have kept and could not have been expected to keep his eyes constantly on the ground.

In passing over the public highway, the deceased was not required "to keep his eyes fastened upon the ground continually to discover points of possible danger; nor was it necessary that he should in order to avoid exposed pitfalls lying directly in the path before him; but the law does require that he be observant of where and how he is going so as to avoid dangers which ordinary prudence would disclose": Kleckner v. R. R. Co., 258 Pa. 461. "Care according to the circumstances was all that was required of him and whether he exercised it under the conditions that surrounded him was for the jury": McHugh v. Kerr, 208 Pa. 225.    The jury may have concluded, and properly so, that the deceased did not see the obstruction in his line of travel because of the shadow cast by the car—Wertz v. Williamsport, 67 Pa. Superior Ct. 156—and although this condition was testified to by no one except the watchman, its consideration could not be taken from the jury: Switzer v. Pittsburgh, 54 Pa. Superior Ct. 183.

We instructed the jury fully, as we think, on the questions involved in the cause.    The facts were peculiarly for them and we therefore dismiss the motion for judgment.

Verdict for plaintiff for $3,816 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for defendant n. o. v.

*Arthur P. Reid*, with him *R. T. Cornwell*, for appellant.

*Walter S. Talbot*, for appellee, was not heard.

PER CURIAM, March 11, 1918:

That the contributory negligence of the deceased was for the jury satisfactorily appears in the opinion of the learned court below refusing defendant's motion for judgment n. o. v., and on that opinion the judgment for the plaintiff is affirmed.